LIVERPOOL & LONDON & GLOBE INS CO. vs KEARNEY, et al.

Opinion delivered September 19, 1896.

*1.  Signing of the Bill of Exceptions—Mandamus to Judge.*

When the return of the judge shows that he is willing to sign a true bill of exceptions, but alleged that the bill as presented is not true, the peremptory writ of mandamus will be refused since the truth of the bill rests exclusively with the judge, himself.

*2.  Appeals—How taken:*

Under Sec. 1267, Mansfields Digest in force in the Indian Territory, appeals may be taken by motion made during term at which the judgment is rendered or by applying to the clerk of the Court of Appeals at any time within three years from the date of the judgment.

*3.  Record—Exceptions.*

All exceptions which are properly taken when properly brought into the record as proved in Mansfield's Digest, Secs. 5160 and 5161 may be considered in appeals to this court.

The Liverpool & London & Globe Insurance Company filed a petition for mandamus to C. B. Kilgore, J., requiring him to sign bill of exceptions in the case of Kearney & Wyse against the petitioner.    Denied.

The defendant filed a petition in this court on the 5th day of June, 1896, praying that an alternative writ of mandamus issue from this court, requiring the Honorable C. B. Kilgore, judge of the United States Court for the Southern district of the Indian Territory, to appear and show cause why a mandamus should not issue commanding him to correct, settle, and sign a bill of exceptions tendered him in this case.    The petitioner states that on the 23d day of Septem

ber, 1895, at the regular term of the United States Court in the Southern district of the Indian Territory, at Ryan, the above-styled cause was tried, and resulted in a judgment against the petitioner in the sum of $3,500; that, on motion of petitioner, the court entered an order allowing it until the 19th day of January, 1896, in which to prepare and tender the bill of exceptions; and that, in accordance with this order, petitioner prepared a bill of exceptions, showing the proceedings on the trial, and presented the same to Judge Kilgore on the 18th day of January, 1896, one day before the expiration of the time for presenting the same. The petition states that the attorney for the petitioner appeared at South McAlester on the 14th day of January, 1896, in order to present his bill of exceptions. Learning that Judge Kilgore was not in the Indian Territory at that time, the papers were sent to him by mail; and he received them on the 18th day of January, 1896, and retained the same in his possession, under advisement, until the 29th day of May, 1896, on which day he returned the same to the attorneys without his approval, after having refused to allow the same, or sign or allow any bill of exceptions. The defendant states that it desires to prosecute an appeal to this court, and desires to petition the clerk of this court for an order allowing such appeal, but that it cannot do so until the bill of exceptions has been settled. It therefore prays that an alternative writ of mandamus issue from this court, requiring Judge Kilgore to appear and show cause why the said mandamus should not issue, commanding him to correct, settle, and sign the bill of exceptions tendered him in this cause. Judge Kilgore has filed his return to said writ, in which he states that he ought not to be compelled to respond to the alternative writ of mandamus, for the reason that the petition does not contain a transcript of the proceedings in the case below; neither does it contain a copy, nor a substantial copy, of the bill of exceptions which it is alleged was presented to him

for his signature.   He then recites the facts as to the trial of the case and the allowance of the appeal, showing that several extensions of time were granted, the last to which the time was extended being the 19th day of January, 1896, as stated in the petition.   He also states that it is the practice of his court, amounting to a rule, and known to all of the attorneys, that exceptants desiring the signature of the trial judge to bills of exceptions shall, before presenting the same to the judge for his signature, present the same to the opposing counsel for their inspection; that in the case at bar no bill of exceptions was ever presented to him until the 18th day of January, 1896; and that it was not signed on that day for the following reasons:   The official stenographer had prepared an accurate transcript of all the proceedings upon the hearing of said cause, and delivered the same to the attorneys for the defendant in Topeka, Kan., on the 24th day of December, 1895, 25 days before the expiration of time for settling and filing the bill of exceptions; that no bill of exceptions was presented to him until the 18th day of January, 1896, in the city of Washington, where he had gone on official business, when he received by express what purported to be a correct bill of exceptions.   But the respondent states that the bill of exceptions so presented was not a correct bill of exceptions; it had never been presented to opposing counsel for inspection; that the attorneys for the defendant had eliminated, from the transcript furnished them by the stenographer, portions of the record which show the charges of the trial court and exceptions thereto, and had inserted, in lieu thereof, 11 typewritten pages which contained other and different things from what occurred on the trial of the cause, and which was in no wise a correct and accurate bill of exceptions; the judge had no way to examine the official report of the case for the purpose of preparing a correct bill of exceptions, and that he refused to sign the purported bill presented to him for the reason that it was

inaccurate; that no other or different bill of exceptions was ever presented to him for his signature; that, through no fault of his, he was prevented from signing a correct bill of exceptions in the case within the time allowed by the order of court; that he was willing to sign a correct bill of exceptions in this case, and would have signed the same had it been presented to him within the time fixed by order of the court, but that he lost jurisdiction of the matter after the 18th day of January, 1896.

*Quinton & Quinton* and *Ledbetter & Bledsoe*, for petitioner.

*A. C. Cruce*, for respondent.

SPRINGER, C. J. (after stating the facts.) In the case of Bank vs Eldred, reported in 143 U. S. 293, 12 Sup. Ct. 452, Mr. Justice Gray, in delivering the opinion of the court, stated: "That, by the uniform course of decision, no exceptions to rulings at a trial court can be considered by the Supreme Court unless they were taken at the trial, and were also embodied in the formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend the bill of exceptions already allowed and filed, is at an end." In the case at bar the petitioner prays for a mandamus to compel the judge of the trial court to sign a bill of exceptions, or to correct and sign the same. Mandamus is an extraordinary remedy, and not a writ of right. The party who asks that the writ be awarded

him must make a very strong case.    Especially is this true
in a case where a writ is asked to coerce action by a judge of
a court of general superior jurisdiction, for the strong pre
sumption is that he has performed his duty fully and faith
fully.    Elliott, App. Proc. § 517; Vanvabry vs Staton, 8
Tenn. 334, 12 S. W. 786.    The mere act of signing and ap
proving a bill of exceptions is of a ministerial nature, and
subject to control by mandamus, although a legal discretion
is to be observed in determining the character of th
particular bill to be signed. If, therefore, the court to which
the writ is directed shows satisfactory reasons for not sign
ing the bill presented, the peremptory writ will not go.    I
is always a sufficient objection to the application for th
writ that the bill as tendered to the court for its signature
was untrue, and, where the petitioner does not deny th
correctness of such a return by the respondent, he is con
sidered as having consented to it, and his application will b
refused.    High, Extr. Rem. (2d Ed.) § 201.    An importan
consideration to be borne in mind in the exercise of thi
branch of the general jurisdiction by mandamus is that th
power of determining whether the particular bill of excep
tions tendered is or is not true rests exclusively with th
court or judge before whom the cause was tried, and to whom
the writ is directed, and the exercise of this power is beyon
control by mandamus.    High, Extr. Rem. (2d Ed.) § 202
So, when the return shows that the respondent is willing t
sign a true bill of exceptions, but alleges that the bill a
presented is not true, the peremptory writ will be refused
since the right to determine the truth of the bill rests exclu
sively with the judge himself.    Id.; Creager vs Meeker, 2
Ohio St. 207.

Signing bill of exceptions. Discretion of judge.

The act of congress of March 1, 1895, put in force i
the Indian Territory chapter 40 of what is known as "Mans
field's Digest of the Laws of Arkansas."    Section 1267 o

hat chapter is as follows: "The appeal shall be granted as matter of right, either by the court rendering the judgment or order, on motion made during the term at which it s rendered, or by the clerk of the Supreme Court in term ime or in vacation, on application of either party." It will e observed that there are two modes for taking appeals,— ne by motion made during the term at which the judgment s rendered, and the other by the clerk of the Court of Appeals in term time or in vacation. As no appeal was perfected in this case under the orders and rules of the court below, entered during the term, the only mode by which the ppeal can now be taken is by application to the clerk of his court. It is now too late for the petitioner to take its ppeal in the court below, but, under the statutes in force in his jurisdiction, it may take an appeal or writ of error, which is a matter of right, at any time within three years ext after the rendition of the judgment. Joyner vs Hall, 6 Ark. 517. The right of appeal through the clerk of this ourt has not expired, and the party desiring an appeal may roceed to perfect the record of the proceedings in the case n the manner pointed out in sections 5160 and 5161 of Mansield's Digest. These sections are not in conflict with the pinion of the Supreme Court in the case of Bank vs Eldred, upra, which was merely to the effect that no exceptions to he rulings of the trial court can be considered by this court nless they were taken at the trial. All exceptions which re properly taken, when properly brought into the record, s provided in Mansfield's Digest, may be considered on ppeal by this court. The application for alternative writ f mandamus is refused.

*Appeals. Two modes.*

LEWIS, J., concurs.