## ADAMS v. SHIRK et al.*

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

No. 885.

1. BILL OF EXCEPTIONS—AMENDMENT AT SUBSEQUENT TERM.

   A bill of exceptions cannot be amended at a term subsequent to that at which it was filed, in order to correct an omission due to the party's own neglect or oversight.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Wm. Burry, for plaintiff in error.
Frederic Ullmann, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge. Defendants in error, as lessors in a 99-year ground lease, recovered judgment against Adams, plaintiff in error, for rent, and for taxes and insurance premiums paid by them. The court directed the verdict. In the charge the jury were explicitly

*Rehearing denied April 14, 1903.
¶ 1. See Exceptions, Bill of, vol. 21, Cent. Dig. § 110.

instructed to include in their verdict $9,504.42 for insurance premiums paid by defendants in error. The correctness of that instruction is the only question presented and urged in argument. Other questions between these parties were considered in Adams v. Shirk (C. C. A.) 117 Fed. 801.

Adams contends that, because the insurance was taken out and the premiums paid by defendants in error after Adams had assigned all his interest in the lease and in the buildings to a third party, the insurance on the buildings, to be valid, should have been written in the name of such third party as owner, and not in the name of Adams, and that, although Adams was bound to pay rent, taxes, and insurance premiums, whether he had assigned or not, he could not be held to the payment of premiums for invalid insurance.

The original bill of exceptions fails to present the question in the form in which Adams states it. The bill does not show in whose name, as owner of the buildings, the insurance was written.

After this situation was brought to the attention of Adams by the brief of defendants in error in answer to Adams's brief in support of the present writ, Adams procured in the court below an amendment to the bill of exceptions, showing that the insurance was written in the name of Adams as owner. The judgment was entered and the original bill of exceptions was signed and filed during the December term, 1901. The petition to amend was filed and the order allowing the amendment was entered during the July term, 1902. The omission in the original bill occurred through the neglect or oversight of Adams, the party presenting it for allowance. On October 8, 1902, a supplemental record, containing the amendment to the bill of exceptions, was filed in this court in pursuance of a stipulation of the parties that it might be filed without prejudice to the right of defendants in error at the time of the hearing to submit a motion to strike it from the files. Such a motion was duly submitted, and is sharply pressed.

The practice and rules of the state court do not apply to bills of exceptions in the federal court. In re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508. "Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately or omitting to record an order of the court might be." Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162. The exceptions to the general rule that a bill of exceptions cannot be allowed or amended at a subsequent term do not extend to errors and omissions caused by the neglect of the party whose duty it was to prepare and submit a proper bill. Western Dredging & Improvement Co. v. Heldmaier, 53 C. C. A. 625, 116 Fed. 179. The motion is sustained.

But the question remains whether, under the evidence, the court erred in directing the jury to include in their verdict the insurance premiums paid by defendants in error. By the terms of the lease, it was Adams's duty to take out the insurance and pay the premiums. In case he omitted to do so, defendants in error had the right. The evidence fails to show that Adams had not taken out and paid for the

required amount of insurance, and that such insurance was not in force at the time defendants in error caused the policies in question to be written.

The judgment is reversed, with the direction to order a new trial.