# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

## KELLY *v.* MOORE.(1)

PRACTICE; APPEALS; BILL OF EXCEPTIONS, AMENDMENT OF; CERTIORARI.

1. Where after an appeal was docketed in this court and the transcript printed, the court below, on motion of the appellees, who claimed to have discovered errors in the bill of exceptions, and over the objection of the appellants, passed an order reciting certain errors in the bill of exceptions and correcting it as of the date of the settling of the original bill of exceptions, but referring the matter to this court to settle the question as to what should constitute the bill of exceptions and how it should be made up, it was *held*, denying an application by the appellees for *certiorari* to the lower court to certify such proceedings to this court as part of the original record, that this court had no such power, but that the bill of exceptions must be settled by the court below and brought here in a completed form and that this court must accept what is certified therein as being the actual truth.

2. In the absence of a rule of court authorizing it, or an order extending the time for settling the bill of exceptions, or an agreement of the parties, it is beyond the power of the court, after the

expiration of the trial term, and especially after an appeal has been perfected, to allow a bill of exceptions, or to alter or amend one already allowed and filed.

No. 1243.   Submitted April 15, 1903.   Decided April 21, 1903,

HEARING on a petition by the appellees for the writ of *certiorari* to the Supreme Court of the District of Columbia, to certify to this court certain proceedings had in that court after the docketing of an appeal in this court, having for their object the correction of the bill of exceptions, included in the record filed in this court.                    *Denied.*

The COURT in the opinion stated the facts as follows:

We have here presented an application for a writ of *certiorari* to the Supreme Court of this District requiring that court to certify to this court an order of the court below allowing certain amendments and alterations in the bill of exceptions embraced in the transcript of the record transmitted to and filed in this court on appeal in the above-entitled cause; the said appeal standing on the calendar of this court for hearing.

It appears that the cause was tried in the court below in March, 1902, and during the trial several exceptions were taken and noted by the plaintiffs to rulings of the court, but no formal exceptions were prepared during the trial, nor during the term of the court at which the trial took place.   The verdict and judgment being for the defendants, the plaintiffs procured more than one extension of time for preparing and having signed the bill of exceptions.   There seems to have been some misunderstanding among counsel as to what should and what should not be incorporated in the bill of exceptions. However, after several conferences among counsel and with the justice before whom the trial was had, the bill of exceptions was supposed to be settled to the satisfaction of all concerned, and was signed by the justice and placed on file.   This appears to have been on July 17, 1902.   The transcript of

the record was made out and sent up to this court, and was
filed here on August 4, 1902, and the appeal was docketed to
the October term of this court, 1902, though the record was
not printed until some time after the commencement of the
term. The cause has been continued from term to term until
the present April term of this court, and the appellants' coun-
sel have prepared and filed their printed brief for argument.

It is alleged that it was not until a copy of the brief was
furnished to counsel for the appellees that certain wrong inser-
tions of fact had been made in the bill of exceptions, and that
certain omissions of fact therefrom had occurred, were dis-
covered by counsel for appellees, and that such insertions and
omissions may be material to the determination of the appeal :
That such insertions and omissions had been made, as alleged,
without the knowledge or consent of counsel for appellees, and
they at once applied to counsel for appellants to have the
proper corrections made in the exception, but this application
was declined; the counsel for the appellants insisting that the
bill of exceptions was correct as it stood, and as it appeared
in the transcript on file in this court. Whereupon the counsel
for the appellees, on the 10th day of March, 1903, filed in the
court below a motion to correct the bill of exceptions, in re-
spect to the particulars in which it appeared, as alleged, to be
erroneous and contrary to the truth as originally settled and
set forth in the bill of exceptions, with the consent of counsel
of both sides. This application was supported by affidavits
of counsel for the appellees. But there was a counter-affidavit
filed by one of the counsel for appellants; and the power and
jurisdiction of the court to amend or change in any respect
the bill of exceptions as it then appeared and as it had been
transmitted to this court, was denied in most unqualified
terms by counsel for the appellants. The court, however, not-
withstanding the objection, heard argument of both sides as
to the matters of fact and the alleged errors in the bill of ex-
ceptions, and upon consideration, aided by the affidavits filed,
found certain facts in respect to which the existing bill of ex-
ceptions was incorrect, and contained matters that had not

been offered in evidence, and had omitted matter that should have been incorporated therein. But the judge did not sign a new or amended bill of exception, but simply incorporated his findings in the form of an order, which he declared should have effect and relation to July 17, 1902, the time of signing the original bill of exceptions, though in fact the order was made on the 3d day of April, 1903. An opinion of the chief justice was filed and made a part of the order, showing the ground upon which the order was founded.

By this order it is directed that the said original bill of exceptions should be and was corrected in certain particulars mentioned; the order stating the particulars and how the exception should be altered and amended. To this order and the findings therein the appellants objected, and excepted.

In his opinion, made part of the order, the learned chief justice says: " It is somewhat difficult, indeed, for me to remember each distinct item of proof, and what was said and done in relation to each particular exception that was taken by the parties in the case. There are a great many exceptions taken in the case by each of the parties, but by looking over these papers, and looking over the testimony, to some extent at any rate, and by the affidavits and statements by the attorneys in the case, in regard to what did happen in reference to the particular matters involved in this motion, I have had my recollection refreshed and revived to a considerable extent. My own recollection accords with the recollection and with the claim of counsel for the defendants on one point in particular, and that is what is called the photograph copy of the certificate, J. D. V. No. 1, together with the will, J. D. V. No. 2 to which it was attached," etc.

In another part of his opinion he says: " I am influenced in the action which I propose to take in regard to the matter before me in order that the Court of Appeals may itself have the matter as nearly as possible before it, and let it determine as to the question of law and as to questions of fact, as to what the proof here may show is the proper thing to be done. That is so far as it would relate to an allowance of an amendment

of the bill of exceptions. I do not wish to be understood as having undertaken to determine any question relating to the charge of bad faith on the part of counsel for the plaintiffs. I think the omission and insertion of the matter complained of were due to inadvertence or oversight, and not to design. I suppose the Court of Appeals should not undertake to say whether an amended bill of exceptions contained the truth or not — or, at least, it did not contain the truth. I suppose it would presume it did, provided it was legally incorporated."

After obtaining the order of the 3d of April, 1903, authorizing the amendment, the appellees applied to this court to issue a writ of *certiorari* to the court below, requiring the order of that court, and the proceedings upon which it was founded, to be certified to this court, as part of the original record, a transcript of which is on file in this court. To this application the appellants have answered, and strongly object to the same, and deny the power and jurisdiction of this court to entertain the application.

*Mr. D. W. Baker* and *Mr. Wilton J. Lambert* for the petition:

The case of *Churchill* v. *Hill,* 59 Ark. 54, is almost identical with the case at bar, and there the court held that a judge, after the expiration of the term, had authority to correct a bill of exceptions so as to identify certain papers therein mentioned. In *United States* v. *Breitling,* 20 How. 253, the Supreme Court of the United States said, in permitting a bill of exceptions to be signed after a term, that the rules of court were made for justice and not for injustice. In *Hunnicut* v. *Peyton,* 102 U. S. 333, the court held that the bill of exceptions could be signed out of the term after the writ of error had gone to the appellate court. In *Michigan Ins. Co.* v. *Eldred,* 143 U. S. 293, while denying in that case the right to grant the bill of exceptions, the Supreme Court said that under extraordinary circumstances an amendment could be made, and that the bill of exceptions could

either be altered, amended or signed after the term where the circumstances warranted such action. See also *The Ore & Iron Co., Petitioner,* 128 U. S. 544; *Davis* v. *Patrick,* 122 U. S. 138; 3 Encyc. Plead. & Prac., p. 501; *Lefferts* v. *The State,* 49 N. J. L. 28; *Harris* v. *Tomlinson,* 130 Ind. 426; *Morgan* v. *Hays,* 91 Ind. 133; *Marley* v. *Hornaday,* 69 Ind. 106; *Hannah* v. *Dorrell,* 73 Ind. 465.

*Mr. Hugh T. Taggart, Mr. C. C. Cole* and *Mr. Leo Simmons* opposed.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

We have heard the matter argued, and have considered the same in the light of the authorities cited by the respective parties, and which would appear to be conclusive against the present application.

It is matter of extreme regret that such a state of case as we have here should be presented to this court; and, especially is it to be regretted, that we have to hear and determine an appeal on what there is ground for supposing may be an imperfect or defective bill of exceptions. It is clear, however, that there is no power in this court, by *certiorari* or otherwise, to correct the imperfections or misstatements that are alleged to exist in the bill of exceptions taken and certified to this court.

Before the adoption of the new code for this District, bills of exception were required to be prepared in accordance with the provisions of the old English statute of 13 Edw. I, Stat. 1, Chap. 31, which was in force in this District. But by section 73 of the new code it is provided as follows: " If, upon a trial of a cause before a jury, an exception be taken, it may be reduced to writing at the time, or it may be entered on the minutes of the justice and afterwards settled in such manner as may be provided by the rules of the court and stated in the bill of exceptions, with so much of the substance

of the evidence as may be material to the questions to be raised, and such bill of exceptions need not be sealed, and shall be considered a part of the record in case of an appeal from the final judgment rendered in the case."

It does not appear, indeed it is not suggested, that there was any rule of court that would authorize or justify any such amendment of the bill of exceptions as that directed or authorized to be made in this court, by the order of the court below, passed on the 3d day of April, 1903. That order simply referred the matter to this court to settle the question as to what should constitute the bill of exceptions and how it should be made up. That power, however, does not belong to this court. The bill of exceptions must be settled by the court below before whom the cause was tried, and be brought into this court in a completed form, and we must accept what is certified therein as being the actual truth.

This question has been repeatedly before the Supreme Court of the United States, and, as would appear, has been definitely settled by decisions of that court. It is settled that a judge cannot act judicially upon the rights of parties after the lapse of the term at which the trial took place, in settling and signing a bill of exception, in the absence of a rule of court, authorizing the same, or a previous order of court extending the time therefor, or the agreement of the parties for that purpose. *Muller* v. *Ehlers,* 91 U. S. 249, 251. The rule upon the subject is very fully and clearly stated by Mr. Justice Gray, speaking for the court, in *Michigan Ins. Bank* v. *Eldred,* 143 U. S. 293, 298, where it is said that: "By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over

the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end. *United States* v. *Breitling,* 20 How. 252; *Muller* v. *Ehlers,* 91 U. S. 249; *Jones* v. *Grover & B. S. Mach. Co.,* 131 U. S. Appx. 150; *Hunnicut* v. *Peyton,* 102 U. S. 333; *Davis* v. *Patrick,* 122 U. S. 138; *Chateaugay Ore & Iron Co., Petitioner,* 128 U. S. 544.

" The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court; the trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. *Hanna* v. *Maas,* 122 U. S. 24. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk, in recording inaccurately or omitting to record an order of the court might be. *Re Wight,* 134 U. S. 136. The writ of *certiorari* prayed for must therefore be denied, and the case must be determined upon the original bill of exceptions."

This well-established rule has been reiterated and applied in subsequent cases by the Supreme Court, as in the cases of *Morse* v. *Anderson,* 150 U. S. 156, and *Hume* v. *Bowie,* 148 U. S. 245, 253; and there seems to be no departure from it.

As in the case of *Michigan Ins. Bank* v. *Eldred, supra,* the writ of *certiorari* prayed for must be denied, and the appeal determined upon the original bill of exceptions.

*Writ of certiorari denied.*