## FARMERS' UNION GRAIN CO. v. HALLET & CAREY CO.*

Circuit Court of Appeals, Eighth Circuit.
July 28, 1927.

No. 7772.

1. **Exceptions, bill of** ⬡⟹38—**Bill must be allowed during term, or within time extended.**

   Bill of exceptions must be presented and allowed during the term when the case is tried, and judgment entered, or during such extension of the term as may be provided by order or standing rule of court.

2. **Exceptions, bill of** ⬡⟹41(1)—**Bill of exceptions held not signed nor presented during time extension.**

   Bill of exceptions *held* not signed or presented during the term as extended for the purpose by special order of court.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by the Farmers' Union Grain Company against the Hallet & Carey Company. Judgment for defendant, and plaintiff brings error. Affirmed.

John Junell, of Minneapolis, Minn. (E. B. Harkin and Ezra L. Baker, both of Aberdeen, S. D., and J. H. Colman and Lancaster, Simpson, Junell & Dorsey, all of Minneapolis, Minn., on the brief), for plaintiff in error.

F. H. Stinchfield, of Minneapolis, Minn. (A. K. Gardner, of Huron, S. D., and T. P. Helmey and Jamison, Stinchfield & Mackall, all of Minneapolis, Minn.; on the brief), for defendant in error.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

*Rehearing denied November 28, 1927.

JOHN B. SANBORN, District Judge. The plaintiff in error sued the defendant in error for $41,683.98, the proceeds of sales of grain which the plaintiff claimed to have owned, and which it alleged was sold by the defendant for its account. The case was tried by the court without a jury, upon stipulation, and the defendant had judgment. The plaintiff, by writ of error, brings the case here for review.

At the outset we are confronted by a motion to dismiss the bill of exceptions on the ground that it was not allowed during the term in which the case was tried and judgment entered. The facts with reference to the bill of exceptions are these: The trial was had May 8, 1926, at Aberdeen, S. D. By the act of Congress fixing the terms of court for the district of South Dakota (36 Stat. 1123, § 106 [28 U. S. C. A. § 187; Comp. St. § 1093]) terms are held for the Northern division, at Aberdeen, on the first Tuesday in May and the second Tuesday in November. In 1926 the term commenced Tuesday, May 4th, and ended with the commencement of the November term, on November 9th, unless sooner terminated by order of court. Denver Live Stock Commission Co. v. Lee & Shay (C. C. A.) 18 F.(2d) 11. Attached to the moving papers is a certificate of the clerk of the court to the effect that on May 8, 1926, the court was adjourned sine die. It is urged that this certificate is not a part of the record and cannot be considered. However that may be, it appears that this case was not argued and submitted until August 13th. The court filed its findings and order for judgment August 17th, and judgment was entered on that day. Notice of its entry was served on the plaintiff on September 11, 1926.

We think it is not necessary to determine whether the order adjourning the court sine die affected the right of the plaintiff to perfect a bill of exceptions, or whether that question is before us. For the purpose of this motion, we assume that the term did not end until the next term for the Northern division commenced, on November 9th. On September 27, 1926, an order was filed staying all proceedings, except entry of judgment and taxation of costs. On October 4th, pursuant to stipulation, the court extended the time for filing a bill of exceptions until November 12th. On November 6th, the assignment of errors was filed and the writ of error allowed and filed. On November 9th, the court extended the time to file a bill of exceptions until December 12th, and enlarged the time for docketing the cause and filing a bill of exceptions in this court to February 9, 1927. A proposed bill of exceptions was served upon counsel for the defendant on December 4th, and was filed December 9th.

Rule 49 of the District Court of the United States for the District of South Dakota provides:

"When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may within thirty days after the entry of judgment, if the actions were tried to a jury, or after receiving notice of the entry of judgment, if the action were tried without a jury, or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare the draft of a bill and serve the same, or a copy thereof, upon the adverse party. Such draft must contain all the exceptions taken, upon which the party relies. Within twenty days after such service the adverse party may propose amendments thereto and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case, upon five days' notice to the adverse party. If no amendments are served, or if served are allowed, the proposed bill may be presented with the amendments, if any, to the judge for settlement without notice to the adverse party."

The defendant, on December 28th, served its proposed amendments to the bill. On January 8, 1927, a notice was served on the defendant that on January 14th the plaintiff would move for the allowance of the bill. It appears that on January 7th, the plaintiff presented the proposed bill of exceptions to the court for allowance and advised the court that it consented to the allowance of the proposed amendments and their incorporation in the bill, but that the court required that the matter be heard upon notice on January 14th. On January 14th, the plaintiff presented its bill of exceptions for allowance, the defendant filed objections on the ground that the court had lost jurisdiction, the objections were overruled, and the court settled and allowed the bill.

[1] There can be no question that a bill of exceptions must be presented and allowed during the term when a case is tried and judgment entered, or during such extension of the term as may be provided by order or standing rule of court. In Michigan Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 452 (36 L. Ed. 162), the court said:

"By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at

the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end."

See, also, Morse v. Anderson, 150 U. S. 156, 14 S. Ct. 43, 37 L. Ed. 1037; Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Jennings v. Phila., Balt. & Wash. Ry. Co., 218 U. S. 255, 31 S. Ct. 1, 54 L. Ed. 1031; O'Connell v. United States, 253 U. S. 142, 146, 40 S. Ct. 444, 64 L. Ed. 827; Maryland Casualty Co. v. Citizens' Nat. Bank (C. C. A.) 8 F. (2d) 216; Bennett v. Riverland Co., 15 F. (2d) 491 (this court); Denver Live Stock Commission Co. v. Lee & Shay, supra.

Quoting from the case of Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co., 258 U. S. 365, 369, 42 S. Ct. 331, 332 (66 L. Ed. 663): "We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed." It was there held that the parties could not, by stipulation, extend the term for the purpose of having the bill of exceptions signed.

[2] By order of court, the term, so far as the case was concerned, was extended to December 12th; but the plaintiff contends that rule 49 had the effect of extending the term still further for the purpose of having the bill signed. No such force can be given to the rule. It merely prescribes the procedure to be followed with reference to submitting the bill for allowance, and does not purport to extend terms of court. Apparently much the same question arose in Jennings v. Phila., Balt. & Wash. Ry. Co., supra. But, even if the rule could be given the effect contended for by the plaintiff, it was still too late. It served the bill on December 4th. The rules allowed only 20 days for proposing amendments and 10 days thereafter for presentation of the bill to the court. Therefore the plaintiff had not to exceed 30 days, under the rule, after December 4th, to have its bill of exceptions signed. January 4th, then, would be the last day, and the bill was not presented to the judge until January 7th, and was not signed by him until January 14th. Beyond all possibility of doubt, the court, on the 14th day of January, when he settled and allowed the bill of exceptions, had lost all jurisdiction so to do.

In the absence of the bill of exceptions, there is nothing left for review by this court.

Let the bill of exceptions be stricken and the judgment affirmed.