COLEMAN v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.

May 25, 1928.

No. 7871.

1. Criminal law ⬡1092(11)—Circuit Court of Appeals cannot settle bill of exceptions.

Circuit Court of Appeals has no power to settle bill of exceptions originally or by amendment.

2. Criminal law ⬡1110(2)—Motion filed in Circuit Court of Appeals to correct alleged error in record after time for settling bill of exceptions in trial court must be denied.

Where, at time of filing motion in Circuit Court of Appeals to correct an alleged error in record, time within which trial court had jurisdiction to settle bill of exceptions had expired, the motion will be denied, since appellate court had no power to settle bill of exceptions originally or by amendment.

3. Poison ⬡9—Proof of sale of sulphate hydrochloride held insufficient to sustain conviction for sale of morphine (Harrison Anti-Narcotic Act, § 1 [26 USCA § 692]).

In prosecution, under Harrison Anti-Narcotic Act, § 1 (26 USCA § 692; Comp. St. § 6287g), for unlawful sale of morphine, proof establishing sale of sulphate hydrochloride, a derivative of morphine, held insufficient to sustain conviction, since sulphate hydrochloride is not morphine.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Robert Coleman was convicted for unlawful sale of morphine, and he brings error. Reversed and remanded, with directions.

Charles C. Madison, of Kansas City, Mo. (C. E. Walsh, of Omaha, Neb., on the brief), for plaintiff in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb. (Ambrose C. Epperson and George A. Keyser, Asst. U. S. Attys., both of Omaha, Neb., Philip M. Aitken, Asst. U. S. Atty., of Lincoln, Neb., and William J. Froelich, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before WALTER H. SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Robert Coleman was charged by indictment containing thirteen counts with violations of section 1 of the Harrison Anti-Narcotic Act (U. S. Code, tit. 26, § 692 [26 USCA § 692; Comp. St. § 6287g]). The trial resulted in his conviction and sentence upon the eleventh, twelfth, and thirteenth counts. Each of these counts charged an unlawful sale of "a certain derivative of opium, to wit, * * * morphine, * * * said morphine not being in or from the original stamped package." The testimony in behalf of the government showed that on December 9, 1926, the date the sale charged in count 11 was alleged to have been made, the defendant sold and delivered to Andrew Koehn, federal narcotic agent, a pasteboard box containing certain white cubes, and received in payment therefor from the agent $65. It showed similar transactions on December 12, 1926, and December 29, 1926, the respective dates the sales charged in counts 12 and 13 were alleged to have been made.

We have carefully examined the transcript of the evidence and find no proof whatever showing the character of the subject-matter of these sales other than the descrip-

tion given by the government witness Koehn who described it as white cubes covered with white cotton and contained in a pasteboard box, and the testimony of the chemist who analyzed a portion of these white cubes identified by Koehn as having been purchased from the defendant and testified that they were "sulphate hydrochloride," a derivative of opium. It is a singular circumstance that, in the transaction between the agent and defendant, neither appears to have mentioned the word "morphine."

Counsel for defendant at the close of the government's case, and also at the close of all the evidence, moved the court to direct a verdict of not guilty on counts 11, 12, and 13, on the ground that the evidence failed to establish the material allegations of these counts, and was insufficient to support a verdict of guilty. These motions were overruled, and these rulings are assigned as error.

Counsel for the government have presented a motion to correct an alleged error in the record, in which they state that the record erroneously shows the witness used the word "sulphate," whereas, in fact, he used the word "morphine," and that the answer should read "morphine hydrochloride," instead of "sulphate hydrochloride."

The term during which the judgment was entered and the bill of exceptions settled had expired before this motion was filed.

In the case of Michigan Insurance Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 452 (36 L. Ed. 162), the court said:

"After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end. United States v. Breitling, 20 How. 252 [15 L. Ed. 900]; Muller v. Ehlers, 91 U. S. 249 [23 L. Ed. 319]; Jones v. Grover & Baker Co., 131 U. S. appx. 150 [24 L. Ed. 925]; Hunnicutt v. Peyton, 102 U. S. 333 [26 L. Ed. 113]; Davis v. Patrick, 122 U. S. 138 [7 S. Ct. 1102, 30 L. Ed. 1090]; Chateaugay Co., Petitioner, 128 U. S. 544 [9 S. Ct. 150, 32 L. Ed. 508].

"The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court; the trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. Hanna v. Maas, 122 U. S. 24 [7 S. Ct. 1035, 30 L. Ed. 1117]. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately or omitting to record an order of the court might be. In re Wight, 134 U. S. 136 [10 S. Ct. 487, 33 L. Ed. 865]."

In the case of Bennett v. Riverland Co. (C. C. A. 8) 15 F.(2d) 491, 492, this court said:

"It is equally well settled that even the trial court has no jurisdiction to settle a bill of exceptions after expiration of the judgment term and any extensions thereof. Exporters v. Butterworth, etc., Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; U. S. v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; Greyerbiehl v. Hughes Elec. Co. (C. C. A.) 294 F. 802, this court. These rules apply to amendments to a bill of exceptions. Exporters v. Butterworth, etc., Co., supra; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 36 L. Ed. 162; Kreuzer v. United States, 254 F. 34, 165 C. C. A. 444, this court."

See, also, Ulmer v. U. S. (C. C. A. 2) 266 F. 176, 178.

[1] This court has no power to settle a bill of exceptions originally or by amendment. Bennett v. Riverland Co., supra, page 492.

[2] This court being without power to settle a bill of exceptions originally or by amendment, and the time within which the trial court had jurisdiction so to do having expired before this motion was filed, the motion must be and it is denied.

[3] Counts 11, 12, and 13 of the indictment charges the unlawful sale of morphine. Sulphate hydrochloride is not morphine. It follows that the proof failed to establish the material allegations of counts 11, 12, and 13 of the indictment.

The late Judge SANBORN sat in this case, presided during arguments and at our conference, and expressed his full concurrence in these conclusions.

The cause is therefore reversed and remanded, with instructions to grant the defendant a new trial on counts 11, 12, and 13.