### MEYER v. KERRIGAN, Judge.

### No. 7229.

Circuit Court of Appeals, Ninth Circuit.

Nov. 6, 1933.

S. T. Hogevoll and H. M. Anthony, both of San Francisco, Cal., for petitioner.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

## PER CURIAM.

■ On July 24, 1933, with the permission of this court, petitioner filed a petition for writ of mandamus and prayed for the issuance of an order to show cause, or an alternative writ of mandamus. The question before us ex parte is whether or not an order to show cause will be issued. It appears from the petition that petitioner filed an action against the Pacific Steamship Company in the District Court of the United States for the Northern District of California, Southern Division, and that the issues joined thereon were tried before a jury on the 2d and 3d days of November 1932, and that a verdict was rendered in favor of the Pacific Steamship Company. We take judicial notice of the fact that this verdict was rendered during the July term, 1932, which began on the first Monday of July and ended at least as early as the first Monday in November, 1932, when a new term of the District Court began, except in so far as the July term may have been extended for the purposes of the case. 28 USCA § 145. Rule 8 of the rules for the said District Court provide that the term of court in which a verdict is rendered is extended so as to comprise a period of three calendar months beginning on the date on which the verdict is rendered or judgment or decree entered "for the purpose of making and filing bills of exceptions and of making any and all motions in connection therewith, together with motions for new trials and petitions for rehearings." By this rule the term beginning the first Monday in July, 1932, was extended to February 3, 1933 for the purpose of settling the bill of exceptions in the case mentioned. No further order was made by the court expressly extending the term other than one made on March 3, 1933. This order directed that the appellant (petitioner herein) "may have to and including the 1st day of April, 1933, in which to file his record on appeal in the United States Circuit Court of Appeals for the Ninth Circuit and that the November 1932 term of this court may be extended to the above date." Inasmuch as the term beginning the first Monday in July, 1932, had been extended only to February 3, 1933, the order of court made one month later extending the term would be ineffective for that purpose.

■ In this connection it should be stated that the petitioner seems to be under the impression that the question involved here is the extension of the term beginning the first Monday in November, 1932, and the order just quoted purports to extend that term and not the previous term which had ended before the beginning of the November, 1932, term. The petitioner alleges that on the 28th of January, 1933, he lodged with the clerk of said District Court a bill of exceptions, and that on the 6th day of February, 1933, and also on the 25th day of February, 1933, the defendant, Pacific Steamship Company, obtained orders extending the time in which to file its amendment to the said bill of exceptions, and on the 7th day of March, 1933, said defendant, the Pacific Steamship Company, lodged its proposed amendments to said bill of exceptions, and on the 20th day of March, 1933, plaintiff lodged his exceptions to the defendant's proposed amendments to the bill of exceptions. Petitioner alleges that "when the said bill of exceptions, and exceptions thereto, were lodged with the clerk on the 20th day of March, 1933, petitioner could not, by positive action on his part, cause a settlement of the bill of exceptions and a signing thereof by the trial court." He also alleges that at the time the bill of exceptions was lodged with the clerk, petitioner "through his attorneys" ascertained that the court did not desire any discussion of respective counsel in settling the bill of exceptions. The trial judge refused to settle the bill of exceptions and the petitioner seeks an order of this court compelling the trial judge to settle the same. The petitioner does not allege that any extension of time was given by the trial judge for filing the proposed bill of exceptions or amendments thereto until the 6th day of February, 1933, at which time, it is alleged, the trial judge extended the time to file amendments to the exceptions. This date, it will be observed, is after the expiration of the term as extended by the rule of court above mentioned.

We have here then a situation where the term of court in which the verdict and judgment were rendered has expired. The trial

judge, therefore, properly refused to sign the bill of exceptions. It follows that the order to show cause should not be issued on the petition.

In this connection, however, it should be said that at the time this matter was taken up in open court ex parte, the memorandum of points and authorities was filed on behalf of the respondent. In this memorandum additional facts are stated concerning the proceeding in the trial court. We mention them only because of the fact that the petitioner should be allowed to amend his petition if by oversight or inadvertence he has omitted to state facts which would entitle him to the writ. It is stated in this memorandum that plaintiff, on January 14th, obtained an order extending the time twenty days within which to file his proposed bill of exceptions. This was during the term, as extended. Fourteen days later, January 28th, as appears by the allegation of the petition, petitioner filed his proposed bill of exceptions with the district clerk. By rule 45 of the District Court it is required that this proposed bill of exceptions be served upon the adverse party, and the adverse party is required within ten days thereafter to serve and lodge his proposed amendments to the bill "after the expiration of time allowed, the bill and amendments shall be presented to the judge for settlement after notice to the adverse party." It is clearly the intention of this rule that the presentation to the judge shall occur after the amendments have been filed and not before. Assuming that the order of January 14th, extending the time to file a proposal bill of exceptions, by inference extended the term, as has been held by some of the Circuit Courts of Appeal [see Morrissey v. U. S., 67 F.(2d) 267, filed October 20, 1933], the order of January 14th would extend the term to February 3d, but this is the date fixed by the rule for the expiration of the extended term, as above stated. The term then ended. Consequently, the subsequent orders extending the time for filing proposed amendments to the proposed bill were after the term had expired and were therefore void. Even if it be held that these subsequent orders extended the term for the time specified therein the petitioner did not within that time present the proposed bill to the judge as required by the rule of the District Court (Rule No. 45), and by the law. McDonald v. Harding (C. C. A.) 57 F.(2d) 119; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 36 L. Ed. 162.

The application for order to show cause will be denied and the petition dismissed.