SWANN, Judge.
Angel Jiminez was charged and convicted in a non-jury trial of conspiracy to commit a felony, unlawful sale of heroin and unlawful possession of heroin. He appeals from his conviction for these charges.
We find from an examination of the record that there was sufficient competent evidence to sustain his convictions and sentences on the charges of conspiracy to commit a felony and unlawful possession of heroin.
The information also charged Jiminez with unlawful sale of a certain narcotic drug, to wit: heroin, a derivative of opium. The state produced evidence of the unlawful sale by the defendant of morphine. Jiminez argues this is a fatal variance requiring reversal of his conviction and sentence on this charge.
In Penny v. State, 140 Fla. 155, 191 So. 190 (1939), the court said at p. 193:
“The constitution (Declaration of Rights, § 11) guarantees to every accused person * * * the right to know ‘the nature and cause of the accusation against him,’ and it necessarily follows that the accused cannot be indicted for one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment.”
42 C.J.S. Indictments and Informations § 261 states:
“Under an indictment charging a particular offense, a conviction cannot be had on evidence of another and distinct offense, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment. * * * Where a statute penalizes certain acts in the disjunctive, proof of any one of such acts under an indictment charging all of the acts conjunctively is * * * sufficient; but if the indictment alleges only one state of facts proof of the existence of another state of facts will not sustain a conviction.”
See also 17 Fla.Jur. Indictments and Information §§ 94 and 95.
The state argues that proof of the unlawful sale of morphine is not a fatal variance from a charge of the unlawful sale of a certain narcotic drug, to wit: heroin, a derivative of opium.
It argues that § 398.02(11), Fla.Stat., F. S.A., defines opium to include morphine and heroin and any compound derivative or preparation of opium, and that § 398.03, Fla.Stat., F.S.A., makes it unlawful for any person to possess or sell any narcotic drug except as authorized by statute.
Jiminez was not charged with the sale of opium or any of its components or derivatives. He was not charged with possession and sale of any narcotic drug. He was specifically charged with the sale of a certain narcotic drug, to wit: heroin, a derivative of opium. Proof of the sale of morphine is, in our opinion, a fatal variance. The state, by its own chemist, should
. have known that the drug which was sold was morphine and not heroin and it could have easily filed the proper charges prior to trial.
This is not a case of an immaterial variance between the allegata and probata. Cf. McIntosh v. United States, 1 F.2d 427 (7th Cir. 1924); Williams v. United States, 294 F. 682 (5th Cir. 1923); and People v. Bill, 140 CaLApp. 389,-35 P.2d 645 (1934).
Proof of the sale of morphine is not sufficient to convict under a specific charge *28 of unlawful sale of heroin. Cf. Coleman v. United States, 26 F.2d 870 (8th Cir. 1928); and Guilbeau v. United States, 288 F. 731 (5th Cir. 1923).
In Coleman the court stated at p. 871:
******
“ * * * The indictment charges the unlawful sale of morphine. Sulphate hydrochloride is not morphine. It follows that the proof failed to establish the material allegations of * * * the indictment.”
***** *
A conviction of this defendant for the unlawful sale of heroin would not bar a subsequent prosecution for the unlawful sale of morphine.
There was a fatal variance in the charge as laid by the state and the proof presented for conviction on the charge.
The conviction and sentence of Jiminez for the unlawful sale of heroin be and the same is reversed and the defendant is discharged from that specific charge.
Affirmed in part, reversed in part.