## COSTELLO v. FERRARINI et al.

(Circuit Court, D. Massachusetts. June 8, 1908.)

### No. 112.

1. EXCEPTIONS, BILL OF (§ 50*)—PRESENTATION FOR ALLOWANCE.

Where a draft of a bill of exceptions is presented to the trial judge for allowance within the time prescribed by rule 17 of the Circuit Court, it is immaterial whether it is so presented by the party, his counsel, or the clerk of the court, although it is doubtful if any duty to present it rests upon the clerk merely because it is filed.

[Ed. Note.—For other cases, see Exceptions, Bill of, Dec. Dig. § 50.*]

2. EXCEPTIONS, BILL OF (§ 41*)—PRESENTATION FOR ALLOWANCE—TIME FOR ALLOWANCE.

An order, entered by a Circuit Court at the end of a term, that "all things not acted on stand continued," reserves the court's control over a draft bill of exceptions, which has been presented for allowance, but not acted on, and the same may be allowed at the succeeding term.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 65, 66; Dec. Dig. § 41.*]

On motion for Allowance of Bill of Exceptions.

S. A. Fuller and Charles Toye, for plaintiff.

Warren, Perry & Codman, for defendants.

BROWN, District Judge. After the direction of a verdict for the defendant, and within seven days therefrom, the plaintiff filed in the clerk's office a draft bill of exceptions, which bears file mark "March 15, 1906." The clerk presented this draft bill to the trial judge, who made thereon and signed the following indorsement: "Presented for allowance March 16, 1906."

Whether the mere filing of a bill of exceptions in the clerk's office is a compliance with rule 17 of the Circuit Court we need not consider, for in this case the draft bill of exceptions, containing a written request for its allowance, was seasonably brought to the attention of the trial judge. It is immaterial whether the draft bill came to the judge from the hand of the plaintiff, his attorney, or a messenger. If, through the plaintiff's good fortune, the clerk voluntarily became his messenger, and brought the draft bill to the judge's attention, the plaintiff came fully within the requirements of rule 17. It may be well, however, to suggest that it is exceedingly doubtful if any obligation is placed upon the clerk of the court to present bills of exceptions filed with him to the trial judge. It is the duty of counsel to see that this is done, and reliance upon the clerk to perform this duty for them involves serious risk of noncompliance with the rule.

The defendant contends that this draft bill of exceptions should be now disallowed for the reason that it was not allowed by the trial judge before the expiration of the trial term, and for the further reason that no specific order continuing the time for allowance was entered during the term. It is contended that the court is now without power over the matter. The case of Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162, is said by de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant to contain the best recent statement of the rule applicable. I am of the opinion, however, that this case is not controlling under the present facts. It was said:

"After the term has expired without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend the bill of exceptions already allowed and filed, is at an end. * * *"

Upon the presentment to the trial judge of the draft bill of exceptions for allowance, it is usual to give notice to the prevailing party, in order that he may offer objections and amendments thereto. It is the usual practice to require the petitioner to submit his draft, and, if an agreement cannot be had, to set the matter down for hearing for settlement of the bill of exceptions. It was agreed at the hearing that attempts were made by the parties in this case to agree upon a bill of exceptions, and that different drafts were submitted by counsel to each other. The dates at which this was done do not appear, and I am therefore unable to determine with what degree of diligence counsel on either side have proceeded towards the settlement of a bill of exceptions.

In contending that the court has now lost control of the matter, defendants' counsel have overlooked the fact that by a general order, entered at the conclusion of the trial term and of each term thereafter, it was:

"Ordered by the court that all things not acted on stand continued, and that judgment be rendered on all verdicts, nonsuits, and defaults where judgments have not been previously rendered, and that the court be adjourned without day; and the court is accordingly adjourned."

The consideration of a proposed bill of exceptions and objections thereto is often a matter requiring long and laborious examination of many details. It is quite as necessary that matters of this kind should be continued from term to term as that the ordinary case under consideration by the court be continued. In my opinion it is the purpose of the entry of the general order at the end of the term to continue applications for the enlargement of the record by bill of exceptions, as well as other matters, and that the court's control over this matter has been expressly reserved. The general direction for the entry of judgments contained in this order has not been considered applicable in cases in which motions for the allowance of a bill of exceptions have been duly presented to the judge.

Rule 17 of the Circuit Court, unlike the rules relating to exceptions in some other circuits, is confined merely to the matter of presentment for allowance, and does not limit the time for allowances. Such a rule, in conjunction with a general order continuing all matters not acted on, does not seem unjust to the opposite party. If there is undue delay, he may move for judgment, or by motion procure a day certain for action.

This case was set down for hearing both upon the plaintiff's motion for the allowance of his bill of exceptions and upon the motion to dismiss, and the court reserved the consideration of the motion to allow until after disposing of the motion to dismiss, and further hearing

will be necessary as to the allowance of the draft bill of exceptions. Counsel for defendants may, within 12 days from the date of the entry of this order, file objections and propose amendments to the draft bill.

Motion to dismiss denied.