**ATCHISON, T. & S. F. RY. CO. v. NICHOLS.**

(Circuit Court of Appeals, Ninth Circuit. October 27, 1924.)

No. 4327.

**1. Appeal and error ⊕248—Essential purpose of exception.**

Essential purpose of exception is to direct mind of trial judge to single and precise point in which it is believed he has committed error of law, so that he may consider and change his ruling, if satisfied of error.

**2. Exceptions, bill of ⊕36(I)—Must be for rulings excepted to at trial.**

Bill of exceptions, to be valid, must be for rulings excepted to at trial, though bill need not be formally drawn or signed at time exceptions are noted.

**3. Exceptions, bill of ⊕38—Bill of exceptions must be presented to judge of District Court during term at which case was tried.**

Fact that District Court ordered judgment in favor of defendant did not relieve defendant from preserving bill of exceptions during term, providing it wished to obtain review of rulings against it during progress of trial, and bill of exceptions could not be presented two years later, after reversal, with direction to enter judgment for plaintiff.

**4. Appeal and error ⊕537—When exceptions to rulings at trial can be considered by appellate court.**

No exception to rulings at trial can be considered by appellate court, unless it was taken at trial and has been embodied in bill of exceptions presented to judge at same term, or within such further term allowed by order entered at that term, or by standing rule of court, or by consent of parties.

**5. Appeal and error ⊕555—Matters brought up by writ of error after bill of exceptions stricken.**

Where judgment was ordered by District Court for defendant, and on appeal judgment was reversed, and District Court was ordered to enter judgment for plaintiff, and defendant's bill of exceptions has been stricken because not presented to District Court in time, writ of error does not bring up whole record for examination, but only such proceedings as may have arisen subsequent to mandate.

In Error to the District Court of the United States for the Southern Division of the Southern District of California.

Action at law by C. J. Nichols against the Atchison, Topeka & Santa Fé Railway Company. Judgment for plaintiff, and defendant brings error. Bill of exceptions stricken, and writ dismissed.

E. W. Camp, Robert Brennan, M. W. Reed, and E. T. Lucey, all of Los Angeles, Cal., for plaintiff in error.

Milton K. Young, Lyndol L. Young, and Wm. K. Young, all of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. In April, 1922, Nichols, defendant in error, brought action against the railway company, plaintiff in error, to recover damages for the death of his wife while a passenger on a train of the railway company. The defendant answered, denying negligence, and a jury having been waived by stipulation of the parties, the court made findings to the effect that the allegations of the complaint and the amendment thereto were true, except as to the

amount of damages; that the allegations of the answer were not true. However, as a conclusion of law, the court, on June 6, 1922, adjudged that plaintiff take nothing by his action. Upon review of that judgment it was held that under section 1820 of the Statutes of New Mexico, which provides that any railway company, through the negligence or wrongful act of whose agents or servants a passenger is injured, resulting in death, shall pay $5,000, to be recovered by action by the husband or wife, an action for recovery may be maintained in a federal court in a district of California, and that a state statute giving a right of action for wrongful death which fixes the amount recoverable becomes a limitation which inheres in the remedy. Accordingly the judgment of the District Court in favor of the defendant company was reversed, with directions to the District Court to enter judgment in favor of the plaintiff for $5,000, with costs in both courts. Nichols v. Atchison, Topeka & Santa Fé (C. C. A.) 286 F. 1. Certiorari was granted, and in Atchison, Topeka & Santa Fé v. Nichols, 264 U. S. 348, 44 S. Ct. 356, 68 L. Ed. 720, the Supreme Court affirmed the judgment of the Circuit Court of Appeals. Thereafter in the District Court, upon receipt of the mandate of the Supreme Court, on June 2, 1924, judgment was entered in favor of Nichols for $5,000 and costs. On June 3, 1924, counsel for the Railway Company served upon counsel for Nichols a copy of a proposed bill of exceptions containing the testimony, rulings, and motions given and made during the trial of the action in 1922, and on June 6, 1924, lodged the same with the District Court for settlement. Over objections filed by counsel for Nichols, the District Judge, on June 22, 1924, allowed and settled the bill, and by writ of error the case is again brought to this court.

Counsel for Nichols moves to strike the bill of exceptions from the transcript, upon the ground that no bill of exceptions was prepared, filed, or settled during the term of the District Court in which the case was tried, and that no extension of time was granted by the court in which to prepare, serve, or settle a bill of exceptions, and that the District Court was without power to settle a bill of exceptions two years after the close of the term.

[1-4] The motion to strike is well taken. The essential purpose of an exception is to direct the mind of the trial judge to a single and precise point in which it is believed he has committed an error of law, so that

he may reconsider and change his ruling, if satisfied of error, and that injustice and mistrials due to inadvertent errors may be obviated. United States v. U. S. Fidelity Co., 236 U. S. 512, 35 S. Ct. 298, 59 L. Ed. 696; Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 39 S. Ct. 435, 63 L. Ed. 853. It is also well settled that a bill of exceptions, to be valid, must be for rulings excepted to at the trial. The bill need not be formally drawn and signed at the time the exceptions are noted, but it must appear that they were reserved during the progress of the trial. Johnson v. Garber, 73 F. 523, 19 C. C. A. 556.

In the record before us there is nothing to indicate that any bill of exceptions was presented to the judge of the District Court, or settled during the term at which the case was tried, or at all, until after the entry of judgment of this court as affirmed by the Supreme Court on June 2, 1924. Nor was any order of court made extending the term of court beyond the usual time provided by the rules of the court. The fact that in 1922 the District Court ordered judgment in favor of the railway company did not relieve the plaintiff in error from preserving a bill of exceptions, provided it wished to obtain a review of rulings against it during the progress of the trial. The Supreme Court has recently said that no exception to the rulings at the trial can be considered by the Appellate Court, unless it was taken at the trial and has been embodied in a bill of exceptions presented to the judge at the same term, or within such further term allowed by order entered at that term, or by a standing rule of court, or by consent of the parties. Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663. It follows that, inasmuch as the term of court at which trial was had has long since expired, and, there being no showing that the court retained control over the case by a standing rule or special order, there was no authority in the District Court, after remand by the Supreme Court, to allow the bill of exceptions presented by the railway company. See United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; Greyerbiehl v. Hughes Electric Co. (C. C. A.) 294 F. 802.

Plaintiff in error cites the opinion of this court in Pacific Bank v. Hannah, 90 F. 72, 32 C. C. A. 522, where it was said that the bill of exceptions, having been filed within the term at which judgment was rendered, was sufficient to preserve the rights of a party presenting the bill of exceptions for

allowance and settlement. That case is not in point, for there the findings and conclusions were filed March 24, 1897, and judgment was rendered on that day. Orders extending time to file exceptions to the findings and conclusions were made on that day, and several times thereafter during the term of court. The bill of exceptions was filed March 28th, and on June 2d a proposed amendment was filed and stipulation was had between counsel, extending time for further amendments until matters could be brought to the attention of the court. The February term was adjourned June 30, 1897, but the bill of exceptions was not signed until July, and doubtless upon the authority of Waldron v. Waldron, 156 U. S. 361, 15 S. Ct. 383, 33 L. Ed. 453, cited in the opinion, the signing of the bill of exceptions after the adjournment of the term at which judgment was rendered was sustained.

Nichols also moves to dismiss the writ of error upon the ground that the judgment entered by the District Court on June 2, 1924, was a final judgment entered in pursuance to the mandate of the Supreme Court.

[5] The case being restricted by what we have said upon the motion to strike the bill of exceptions, the present writ of error does not bring up the whole record for re-examination, but only such proceedings as may have arisen subsequent to the mandate. Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044; Tyler v. Maguire, 17 Wall. (84 U. S.) 253, 284, 21 L. Ed. 576. Examination of the record shows that the judgment entered was in exact accordance with our mandate and the mandate of the Supreme Court, and as nothing appears to have occurred in the progress of the execution of the judgment justifying re-examination, it follows the writ must be dismissed. Cook v. Burnley, 11 Wall. (78 U. S.) 672, 20 L. Ed. 29.

The motion to strike the bill of exceptions is granted, and the motion to dismiss the writ of error is allowed.