## OREGON–AMERICAN LUMBER CO. v. SIMPSON et al.

(Circuit Court of Appeals, Ninth Circuit. November 16, 1925.)

No. 4680.

**1. Appeal and error ⊜⇒655(2)—Striking out bill of exceptions for failure to state evidence in narrative form held not warranted.**

That bill of exceptions did not state evidence in narrative form *held* not grounds for striking it out under Supreme Court Rule 4, particularly where insufficiency of evidence to support verdict was assigned as error, thus requiring that bill of exceptions affirmatively show that it contained all testimony produced at trial.

**2. Appeal and error ⊜⇒696(1)—Where insufficiency of evidence to support verdict is assigned as error, bill of exceptions must show that it contains all the testimony.**

Where insufficiency of evidence to support verdict is assigned as error, bill of exceptions must affirmatively show that it contains all testimony produced at trial.

**3. Master and servant ⊜⇒286(10)—In action for employee's death, evidence held sufficient to go to jury.**

In action under Oregon Employers' Liability Law for death of lumber mill employee struck by piece of timber thrown from gang-edger while being sawed, evidence that rolls which should have held lumber in place were improperly suspended by leakage of steam valves *held* sufficient to go to jury on question of negligence.

In Error to the District Court of the United States for the District of Washington; Robert S. Bean, Judge.

Action by Mable Simpson and others against the Oregon-American Lumber Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

The defendants in error, the widow and minor children of Clyde C. Simpson, deceased, recovered in the court below a judgment against the plaintiff in error for damages for negligence in causing the death of the deceased. The action was brought under the Employers' Liability Law of Oregon, Oregon Laws, §§ 6785 to 6790, inclusive. The complaint alleged that said deceased was an employee in the lumber mill of the plaintiff in error; that the said lumber company employed a system of live rolls for the purpose of conveying lumber to a set of saws arranged to cut the same into pieces, said lumber resting upon and being propelled by said live rolls; and that in connection therewith, and to hold the lumber firmly in position on said live rolls, a set of dead rolls were held down upon said lumber from above by a weight of about 500 pounds; and that the dead rolls were operated by cylinders and pistons into which steam was admitted by means of valves, for the purpose of lifting said dead rolls when necessary to admit pieces of lumber into said machine, and lowering the same thereafter for pressure, and that the said valves admitting and releasing the steam had been permitted to be and remained in such condition through some defect in the adjustment thereof that the same would not open and close freely, and when the steam had been admitted into said cylinders and said rolls had been lifted, and the said valves were released for the purpose of permitting said rolls to drop down upon lumber being cut, the said valves would not promptly release the steam from said pistons, and said rolls were thereby kept partially or completely lifted and were prevented from descending on said lumber with sufficient force to hold the same firmly in position. And the complaint alleged that while the deceased was engaged at his work, by reason of the defective and dangerous condition of the device aforesaid, a piece of lumber, that was being run through the gang-edger and was being sawed, stopped by reason of the fact that said dead rolls were not permitted by said valves to

rest upon the same with full force, and thereby a piece of said lumber was thrown back with great force and violence against the deceased, causing his death.

W. Lair Thompson and Ralph H. King, both of Portland, Or., for plaintiff in error.

Lord & Moulton, of Portland, Or., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The defendant in error moves to strike out the bill of exceptions on the ground that it fails to comply with rule 4 of the Supreme Court Rules, adopted December 22, 1911, which requires that only so much of the evidence shall be embraced in the bill of exceptions as may be necessary to present clearly the questions of law involved in the rulings to which exceptions are reserved, and such evidence as is embraced therein shall be set forth in condensed and narrative form, save as a proper understanding of the questions presented may require that parts of it may be set forth otherwise. While bills of exceptions which unnecessarily set out the stenographer's transcript of the testimony have been disapproved, Wheeling Terminal Ry. Co. v. Russell, 209 F. 795, 126 C. C. A. 519; Rosen v. United States (C. C. A.) 271 F. 651, the courts have declined to strike them out, First Nat. Bank v. Moore, 148 F. 953, 78 C. C. A. 581; National Masonic Acc. Ass'n v. Shryock, 73 F. 774, 20 C. C. A. 3; Chicago G. W. Ry. Co. v. Price, 97 F. 423, 38 C. C. A. 239.

[2] There is especial ground for so ruling in a case such as the case at bar, where the only point submitted is that there is no evidence to support the verdict, for in such a case the bill of exceptions must affirmatively show that it contains all the testimony produced at the trial. Elliott v. Canadian Pac. Ry. Co., 161 F. 250, 88 C. C. A. 286. And while it might be preferable to present the evidence in narrative form, the failure to do so should not be held ground for denying relief on the question of error so brought for review. The motion is denied.

The plaintiff in error relies upon the assignment of error that the court denied its motion for a directed verdict in its favor, the motion having been made upon the ground that the plaintiffs in the action had offered no evidence to establish the charges of negligence alleged in the complaint, or to show that the negligence charged was the di-

rect and proximate cause of the accident. It is earnestly contended that the record is barren of evidence to show that the valves, whereby were operated the dead rolls used for the purpose of subjecting pressure upon the lumber while it was being sawed, were defective. It is true that the evidence upon that subject is meager and to some extent circumstantial. The court below instructed the jury that the question of negligence depended upon whether or not the valves were defective as charged, and that if they found that they were defective so as to prevent the dead rolls coming down sufficiently on the lumber, that would constitute negligence. No exception was taken to that instruction. [3] Upon a careful consideration of the testimony, we are not convinced that the question of negligence as charged was not properly submitted to the jury. Several operatives in the mill united in testifying that there was some defect in the operation of the dead rolls, and that there had been difficulty in bringing them down upon the lumber with sufficient force to hold it in place in the operation of sawing, and there was testimony that obstruction thereby caused had happened occasionally during a period of two or three weeks antecedent to the accident. There was also testimony that pieces of lumber had been thrown back with great force and violence in the same manner as was thrown the piece which caused the death of the deceased. But the plaintiff in error says that there was no evidence that the defect in the machine, if any there was, was the particular defect alleged in the complaint; that is to say, defective valves in the device for lifting and lowering the dead rolls. On that feature of the case we think it sufficient to point to the testimony of two witnesses called by the plaintiff in error. One of them, an expert, testified that "if the rolls would not come down there would naturally have to be something wrong with the valves." Another witness on cross-examination testified that after the accident he adjusted the valves, but he could not say how long thereafter, probably a month. He further testified that if the rolls would not come down freely it would mean that the valves were leaking steam. There being ample evidence in the case that the dead rolls did not in fact come down freely, the testimony thus furnished by the plaintiff in error tended to supply the reason for the defective operation. No other explanation was offered by any witness, and it is not perceived that there could have been any other explanation, in view of the structure

and operation of the machine as described in the testimony. The plaintiff in error contends that the evidence shows the accident to have been directly occasioned by the negligent act of the edgerman in raising the dead rolls. But while there was testimony tending to show that the edgerman raised the dead rolls, he and others denied it, and there was evidence tending to show that the board could not have been thrown back from the saw if the dead rolls were properly functioning in exerting pressure upon the lumber.

The judgment is affirmed.