## COBERTH v. WILSON.

### No. 6854.

Circuit Court of Appeals, Ninth Circuit.

Feb. 6, 1933.

Rehearing Denied March 13, 1933.

Omar C. Spencer and Philip Chipman and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for appellant.

Barnett H. Goldstein, of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

Appellant seeks the reversal of the judgment for error in denying a motion for a directed verdict made at the close of the evidence, upon the ground that the evidence fails to show any act of negligence or malpractice on his part. Appellee moves to strike out the bill of exceptions, on the ground that it is not in condensed, narrative form as required by rule 10 of the rules of practice of this court, which requirement has been adjudicated by this court in the cases of McDonald v. Harding, 57 F.(2d) 119; Hursh v. Killits, 58 F.(2d) 903; and Yangtsze Rapid S. S. Co. v. Deutsch-Asiatische Bank, 59 F. (2d) 8.

Appellant seeks to obviate rule 10 by saying that he felt that all of the evidence must be brought before this court, in view of the determination of the issue resting almost exclusively upon expert evidence, and that the cases of Hursh v. Killits, and Yangtsze Rapid S. S. Co. v. Deutsch-Asiatische Bank, supra, had not come to his attention until published in the Federal Reporter after the 1st day of July, 1932, following the decisions, and there was then not time to comply with rule 10 as required by those two cases. But

this is no justification. The language of rule 10 is plain.

The bill of exceptions, consisting of nearly 300 printed pages, is a verbatim transcript in the form of questions and answers of all the testimony taken at the trial. The certificate of the court reporter is to the effect that: "The foregoing * * * is a full and correct transcript from my said shorthand notes of the testimony, objections, motions, rulings, and exceptions therein, together with the charge of the court to the jury and the exceptions thereto, and the whole thereof."

Appellant admits that the only issue on appeal is the action of the trial court in refusing to direct a verdict in his favor.

Section 2 of rule 10 of this court provides as follows: "Only so much of the evidence shall be embraced in a bill of exceptions as may be necessary to present clearly the questions of law involved in the rulings to which exceptions are reserved, and such evidence as is embraced therein shall be set forth in condensed and narrative form, save as a proper understanding of the questions presented may require that parts of it be set forth otherwise."

It is true that the courts have held, in cases where a motion is made for a directed verdict, that the bill of exceptions should contain *all the evidence,* and it was upon that theory that this court in the case of Oregon-American Lumber Co. v. Simpson, 8 F.(2d) 946, refused to dismiss the appeal; but it will be remembered that that case was decided in 1925, before this court had adopted the above quoted section of rule 10. The record in that case shows that that was one of the reasons urged upon the court why the appeal should not be dismissed.

The case of McDonald v. Harding, supra, 57 F.(2d) 119, 124, was decided by this court March 21, 1932. In that case we said:

"It is clear that a purported proposed bill of exceptions 823 typewritten pages long, not reduced to narrative form, in no way meets the plain requirements of Rule 10. * * *

"A party seeking to invoke the aid of appeal should place himself in a position where he can demonstrate that he has fully complied with the rules of court, the statutory requirements, and the practice approved by settled jurisprudence, relative to the prosecution of appeal."

Rule 10, as amended by the addition of the above section, was adopted by this court on June 27, 1928, and was contained in the rules of the court, published in pamphlet form in 1930.

In 1927, two years after this court had rendered its decision in Oregon-American Lumber Co. v. Simpson, supra, the Supreme Court, in Krauss Bros. Lumber Co. v. Mellon, 276 U. S. 386, 390, 391, 48 S. Ct. 358, 360, 72 L. Ed. 620, in construing its own identical rule, said: "It has always been ruled in such a case that if the bill of exceptions does not contain all the evidence, it will be presumed that the evidence omitted was sufficient to justify a refusal to grant the motion. [Citing cases.] By this it is not meant that the evidence shall be set forth at length in the words of the witnesses, and of the writings and documents admitted, but only that the purport and substance of all of it be included. In setting it forth, regard should be had to the requirements of paragraph 2 of Rule 4 of the Rules prescribed by this court. [Citing cases.]"

This construction of the rule by the Supreme Court was necessarily adopted by this court when it adopted section 2 of rule 10 on June 27, 1928.

In view of all the circumstances, we do not feel that we would be justified in considering the issue on appeal as presented by the record.

Motion granted; appeal dismissed. Judgment affirmed.