## ALLEN GASOLINE CO. v. FRANKLIN FIRE INS. CO. OF PHILADELPHIA. *

### No. 7104.

Circuit Court of Appeals, Ninth Circuit.

June 1, 1933.

On Reargument June 5, 1933.

Sheppard & Phillips and Chester A. Sheppard, all of Portland, Ore., for appellant.

Veazie & Veazie and J. C. Veazie, all of Portland, Ore., and F. A. Rittenhouse, of Oklahoma City, Okl., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

Appellant brought this action to recover upon fire insurance policies issued by the appellee. The trial court directed the jury to render a verdict in favor of the appellee. Appeal is taken from the resulting judgment.

The bill of exceptions proposed by the

*Rehearing denied September 6, 1933.

appellant and settled by the trial court over the objections of the appellee incorporates by reference reporter's transcript of the stenographic notes taken at the time of the trial. The transcript contains 774 typewritten pages. No attempt was made to comply with rule 10 of this court, which requires that the evidence be presented in a condensed and narrative form. We have recently had occasion to consider the meaning and effect of this rule in Hursh v. Killits, 58 F.(2d) 903; Coberth v. Wilson, 63 F.(2d) 156; McDonald v. Harding, 57 F.(2d) 119, 124; Yangtsze Rapid S. S. Co. v. Deutsch-Asiatische Bank, 59 F.(2d) 8; Metzler v. U. S., 64 F.(2d) 203, decided by this court March 27, 1933.

The appellee has moved that the court strike out and disregard the bill of exceptions by reason of the failure to comply with rule 10 in its preparation. In reply to this motion, affidavits were filed on behalf of the appellant by the attorney who prepared the proposed bill of exceptions. In these affidavits it is stated, among other things, that rule 10 and the opinions of this court in Hursh v. Killits, 58 F.(2d) 903 and McDonald v. Harding, 57 F.(2d) 119, 124, supra, had been carefully examined, and that therefrom it was concluded as "the duty of the trial court, because of his peculiar knowledge of the facts and errors assigned, to determine what evidence in the bill of exceptions should be narrated"; that he attempted to state the evidence in narrative form, and found it was difficult to make a narrative that materially shortened the record and still conveyed the exact meaning of the witnesses; that he thereupon abandoned the narration of the testimony, and "decided to present the bill to the trial judge in order that he might pass upon its form and content in accordance with the intent of the rule as expressed in the preceding cases of Hursh v. Killits and McDonald v. Harding"; that, at the time the proposed bill came up for settlement over the objections of the appellee that the bill was not prepared in accordance with rule 10, the court, after having examined the cases, overruled the objections to the proposed bill of exceptions, and stated, in effect, "that it would be necessary for a proper understanding of this case in reviewing the correctness of the court's ruling in sustaining a motion for a directed verdict, that all of the testimony be included in the bill of exceptions in the words of the witnesses, except that plaintiff's exhibits 12, 13 and 14 should be included in the bill of exceptions in a summary statement and should not be printed in the record." The appellant also presents a certificate of the

trial judge to the effect that it was his opinion that in fairness to all the parties involved it was imperative that all the evidence be contained in the bill of exceptions save and except that certain exhibits should be set forth merely by a summary statement, and that "it was also my opinion that for a proper understanding of the issues involved, which in most instances demanded a determination of the exact intent with which the witnesses acted, that the testimony should be set forth in the bill of exceptions in the form in which it was transcribed by the court reporter. It was also my opinion at that time that, because of the peculiar nature of this case and of the facts and issues involved in this appeal, it clearly came within the exception contained in Rule 10, and I did therefore settle and approve appellant's proposed bill of exceptions in the form in which it was presented."

If the appellant had prepared a bill of exceptions in condensed and narrative form as prescribed by the rule, and the judge of his own motion had substituted therefor the reporter's transcript, and thus required the appellant to either appeal on the record as thus prepared or seek a writ of mandamus to compel the settlement of proper bill, we would be loath to grant the motion to strike out the bill of exceptions, but the situation here is quite different, in that the appellant failed to prepare a proper bill, and over the objections of the appellee insisted upon the settlement of the bill in the form proposed. The bill is not prepared in accordance with the rule, and the fault therefor lies with the appellant. In Coberth v. Wilson, supra, we refused to consider such a bill of exceptions. There is nothing to distinguish the case at bar from that case.

The appellant makes a motion that, in the event this court concludes that the bill of exceptions was not prepared in accordance with the rule of court, in lieu of striking out the bill of exceptions, appellant be given an opportunity "to have the testimony contained in the bill of exceptions set forth in the printed record in narrative form, and allowing and permitting the testimony now in said bill of exceptions to be and to remain on file with the clerk of this court in its original form." So long as the present rule stands, such a course would not be acceptable.

The motion to strike out the bill of exceptions is granted; the motion to substitute for the bill of exceptions a condensed statement of the evidence in narrative form is denied.

The motion of the appellant for continuance of hearing of cause on the merits is denied, and the cause assigned for argument on June 5, 1933.

MACK, Circuit Judge, not participating.

On Motion for Reargument.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

PER CURIAM.

The motion of appellee to strike bill of exceptions in this cause having been granted, and motions of appellant that cause be heard on present record, etc., and for continuance of hearing having been denied, this cause came on for argument.

Upon consideration thereof, it is ordered that the judgment of the lower court in this cause be affirmed; leave granted to file petition for rehearing on orders striking bill of exceptions and affirming judgment of District Court.